STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 157-11-17 Vtec

---

Heney Zoning Permit Approval

---

**ENTRY REGARDING MOTION**

Count 1, Municipal DRB Appeal from ZA (157-11-17 Vtec)

Title:          Motion to Defer Case (Motion 1)
Filer:          Daren and Tara Smith
Attorney:       Pro Se
Filed Date:     January 18, 2018

Response in Opposition filed on 01/31/2018 by Attorney William Heney for Appellee Stephen
Heney
          Opposition

**The motion is DENIED.**

This appeal by Darren and Tara Smith challenges a Richmond Development Review Board decision granting their neighbors, Stephen and Jennifer Heney, permission to build a fence along a shared property boundary.

The Smiths move to "defer" this matter before the Environmental Division of the Superior Court pending the outcome of a separate case in the Civil Division of the Superior Court. We infer from the filings that the Smiths and Heneys are engaged in a property or boundary line dispute involving an adverse possession claim in the area where the Heneys plan to build their fence.

The Smiths' motion effectively asks the Court to stay or continue the Environmental Division proceedings until the related Civil Division proceeding is resolved. If granting the stay would harm another party, the Smiths "must make out a clear case of hardship or inequity in being required to go forward" in order for the Court to grant their motion. In re Woodstock Cmty. Tr. & Hous. Vermont PRD, 2012 VT 87, ¶ 36, 192 Vt. 474. (quotation omitted). Stays are disfavored where lesser measures are available to protect the moving party's interest. Id. (citation omitted).

In this case, the Heneys have applied for a permit to build a fence. They request a final decision on that application. Staying the Environmental Division proceedings would harm that interest. The degree of harm is unclear, in part because it is unclear when the Civil Division matter will be resolved.

The Smiths assert that suspending the Environmental Division matter pending an outcome in the Civil Division will save time for the parties. We disagree, as the disposition of the Civil Division matter is grounded in property and tort law which are beyond our jurisdiction in

this appeal. The issues before the Court in this de novo appeal are those preserved by Appellant's Statement of Questions and relate solely to whether the Heneys are entitled to a permit. If we stay this matter, and the outcome in the Civil Division is favorable to the Heneys, the Heneys then have to continue litigation in this Division to obtain a decision on their permit application. Rather than saving time, the effect of a stay would be to add significant delay to the permitting process.

Fairness and efficiency require that an applicant have some discretion in how it proceeds through the permitting process; neither the Court nor permit opponents should prevent this process from moving forward unless appropriate to avoid unnecessary cost or delay. The Heneys oppose the Smiths' motion and express a strong interest in having this appeal resolved expeditiously. Staying this appeal would further delay the permitting process with little savings in cost.

We therefore decline to continue this appeal on the chance that resolution of the parties' Civil Division matter may have some effect on the permit application. Because the Smiths have not demonstrated why moving forward in this case would cause them hardship or inequity, their motion to continue is **DENIED**.

So ordered.

**Electronically signed on February 07, 2018 at 11:12 AM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


Notifications:
Appellant Daren Smith
Appellant Tara L. Smith
William Heney (ERN 9255), Attorney for Appellee Stephen Heney
Amanda S. E Lafferty (ERN 5113), Attorney for Interested Person Town of Richmond